**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __2/5/2021__

-------------------------------------------------------------x

**TORRES,**

                    **Plaintiff,**

      v.

**BAY AREA CREDIT SERVICES, ET AL.,**

                    **Defendants.**

-------------------------------------------------------------x

**1:20-cv-09342-ALC**

<u>**ORDER OF REMAND**</u>

**ANDREW L. CARTER, JR., District Judge:**

The Court now considers whether it has federal question subject matter jurisdiction over this matter, which was removed from state court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. For the reasons that follow, the Court concludes that it does not and remands.

By Summons and Complaint dated September 24, 2020, Plaintiff Emmanuel Torres commenced a civil action titled *Emmanuel Torres v. Bay Area Credit Services et al.*, Index No. 11448-2020, in the Civil Court of the City of New York, County of Bronx. On November 6, 2020, Defendant American Medical Response removed this action to federal court purportedly on the basis of federal question jurisdiction. The Notice of Removal states that "plaintiff accuses defendants of debt collection and credit reporting misconduct and violations, which claims are derived from, founded upon and have as their basis violation of the Fair Debt Collection Practices Act "(FDCPA"), 15 U.S.C. § 1692, *et seq*. and Fair Credit Reporting Act [("FCRA")] 15 U.S.C. § 1681 *et seq*". ECF No. 1 ¶ 3. However, the Complaint solely alleges violations of state law—

namely, the New York Fair Debt Collection Practices Act and General Business Law. ECF No. 1-1. ¶¶ 4, 23.

On November 16, 2020, this Court issued an Order to Show Cause why this matter, with no federal question apparent on the face of the complaint, should not be remanded to state court for lack of subject matter jurisdiction. ECF No. 9. Defendants responded to the Order to Show Cause on December 7, 2020. ECF Nos. 20-21. Plaintiff responded on December 29, 2020[1]. ECF Nos. 23-27.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citations omitted).

The complete preemption removal doctrine is a limited exception to the well-pleaded complaint rule that allows for removal of a state law claim based on federal preemption. "Under the complete-preemption doctrine, certain federal statutes are construed to have such 'extraordinary' preemptive force that state-law claims coming within the scope of the federal statute are transformed, for jurisdictional purposes, into federal claims—*i.e.*, completely preempted." *Sullivan v. Am. Airlines*, 424 F.3d 267, 272 (2d Cir. 2005). "When a plaintiff raises such a completely preempted state-law claim in his complaint, a court is obligated to construe the complaint as raising a federal claim and therefore 'arising under' federal law." *Id.*

---

[1] Plaintiff's response includes a Request for Judicial Notice, ECF No. 27. This request is DENIED, as the documents for which Plaintiff seeks judicial notice are irrelevant to the Court's decision.

Nevertheless, complete preemption "applies only in the very narrow range of cases where 'Congress has clearly manifested an intent' to make a specific action within a particular area removable." *Marcus v. AT&T Corp.*, 138 F.3d 46, 54 (2d Cir. 1998) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987)). "The Supreme Court has only found three statutes to have the requisite extraordinary preemptive force to support complete preemption: § 301 of the Labor-Management Relations Act . . . ; § 502(a) of the Employee Retirement Income Security Act . . . ; and §§ 85 and 86 of the National Bank Act." *Sullivan*, 424 F.3d at 272 (citations omitted).

Accordingly, "[t]he complete-preemption doctrine must be distinguished from ordinary preemption, also known as defensive preemption". *Id.* at 272. "Many federal statutes . . . will support a defendant's argument that because federal law preempts state law, the defendant cannot be held liable under state law". *Id.* at 272-73. But "a plaintiff's suit does not arise under federal law simply because the defendant may raise the defense of ordinary preemption." *Id.* at 273 (citing *Caterpillar*, 482 U.S. at 393).

In their response to the Court's Order to Show Cause, Defendants argue that this Court has jurisdiction because "the only plausible and viable claim referenced in the complaint is one under the FCRA, thereby creating federal question subject matter jurisdiction." ECF No. 20 at 7. In a footnote, Defendants aver that the Complaint's "reference to duties created by the FDCPA and an alleged failure to comply with § 1692g of the FDCPA creates federal question jurisdiction". ECF No. 20 at 5 n.3. These arguments may support a conclusion that general preemption bars Plaintiff's claims. But they are unresponsive to the question of complete preemption, which determines whether this Court has federal question subject matter jurisdiction. [2]

---

[2] Similarly, the cases that Defendants cite, *Deutsch v. JPMorgan Chase & Co.*, 18-CV-11655 (VSB), 2019 U.S. Dist. LEXIS 230321, 2019 WL 8405264 (S.D.N.Y. Dec. 11, 2019) and *Okocha v. HSBC Bank USA, N.A.*, 700 F.

Instead, the relevant inquiry is whether Congress has imbued the FCRA or FDCPA with the power of complete preemption that confers federal question subject matter jurisdiction. Courts in this circuit have repeatedly found that neither the FCRA nor the FDCPA has such power. *See Haber v. EOS CCA*, No. 20-CV-6637 (AJN) (BCM), 2020 U.S. Dist. LEXIS 191590, at *8 n.2 (S.D.N.Y. Oct. 14, 2020) *vacated*, 2020 U.S. Dist. LEXIS 191793, (S.D.N.Y. Oct. 15, 2020) ("Defendant here does not (and could not) argue that FDCPA, FCRA or TCPA has 'completely pre-empted' New York's statutory and common law governing fraudulent or unfair debt collection practices."); *McClung v. Credit Acceptance Corp.*, No. 3:14-cv-1365 (GLS/DEP), 2015 U.S. Dist. LEXIS 127960, 2015 WL 5638223, at *12 (N.D.N.Y. Sep. 24, 2015) (collecting cases holding that FCRA does not have the power of complete pre-emption); *Holmes v. Experian Info. Solutions, Inc.*, No. 09 Civ. 874 (TPG), 2011 U.S. Dist. LEXIS 112299, at *7 (S.D.N.Y. Sep. 30, 2011) ("[C]ourts have regularly found that the FCRA does not provide a basis for removal of state law claims pursuant to the complete preemption doctrine. . . . This case was improperly removed because the FCRA does not qualify for the complete preemption removal doctrine."). Defendants offer no argument or authority to support a conclusion to the contrary. The Court therefore joins courts around this circuit and holds that the FCRA and FDCPA do not completely preempt state law claims. Accordingly, the complete preemption doctrine does not confer federal question subject matter jurisdiction here.

For the reasons above, the Court concludes that it lacks federal question subject matter jurisdiction over this matter. Accordingly, this case is REMANDED to state court. 28 U.S.C. § 1447. The Clerk of Court is respectfully directed to serve this Order on Plaintiff.

---

Supp. 2d 369 (S.D.N.Y. 2010), are inapposite. They address general preemption, and not whether the FCRA and FDCPA completely preempt state law claims.

**SO ORDERED.**

**Dated: February 5, 2021**

    **New York, New York**

 

                                                 **ANDREW L. CARTER, JR.**
                                                 **United States District Judge**